Filed 5/14/13  P. v. Taylor CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM V. TAYLOR,<br><br>        Defendant and Appellant. | A137719<br><br>(Mendocino County Super. Ct.<br>No. SCUKCRCR12214532) |

Defendant appeals from a judgment entered on his plea of no contest.  His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues (*People v. Wende* (1979) 25 Cal.3d 436), and has noted an area in the record that might arguably support the appeal (*Anders v. California* (1967) 386 U.S. 738).[1]

Defendant was originally charged by information with violations of attempted murder (Penal Code[2] §§ 187, subd. (a), 664), first degree burglary (§§ 459, 460, subd. (a)), and attempted robbery in concert (§§ 211, 212.5, subd. (a), 213, subd. (a)(1)(A), 664), with allegations that he personally used deadly weapons (§ 12022, subd. (b)(1)), and that he inflicted great bodily injury (§ 12022.7, subd. (a)).  The charges arose from an attempted home invasion robbery, where the victim was beaten with a crowbar and stabbed with a knife.  The victim suffered substantial injuries.  There were four involved

---

[1] The issue being whether the trial court abused its discretion in denying defendant's motion to withdraw his plea.

[2] All further references are to the Penal Code.

suspects, including defendant.  The victim identified defendant as one of the individuals who struck him with a crowbar and stabbed him.[3]

Pursuant to a negotiated disposition, defendant pleaded no contest to assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted the allegation that he inflicted great bodily injury (§ 12022.7, subd. (a)).  The remaining charges and allegations were dismissed.  The agreed-upon sentence was seven years in state prison.[4]  Prior to sentencing, defendant indicated that he wished to withdraw his plea, on the grounds that he was not adequately advised of the consequences.  The trial court appointed new counsel to represent defendant for this potential motion.  Defendant's new attorney investigated the issue and subsequently informed the court that he found no grounds upon which to base a motion to withdraw the plea.  The court denied defendant's request to withdraw his plea.  Defendant was sentenced to seven years in state prison.  Defendant obtained a certificate of probable cause permitting him to challenge the denial of his motion to withdraw his plea on the grounds that he did not understand the consequences of his plea.

Before accepting defendant's plea, the court advised him of all the constitutional rights he would waive by entry of the plea, and the agreed-upon sentence he would receive.  The court found a factual basis for the plea, and indicated that it was voluntary.  Defendant was represented by counsel throughout the proceedings.  There was no error in the entry of the plea, nor in the denial of the motion to withdraw it.  Separate counsel appointed by the court to assess defendant's request to withdraw his plea found no basis for such a motion.[5]  There was no error in the sentencing.  There are no meritorious issues to be argued on appeal.

---

[3] The facts are taken from the factual summary contained in the probation report.

[4] Consisting of the aggravated term of four years in state prison for the assault charge, plus an additional three years for the infliction of great bodily injury allegation.

[5] Prior to his plea, the trial court had specifically advised defendant, "[W]hat you would be pleading to is an offense that carries a four-year sentence and then you'd be admitting the third special allegation that you inflicted great bodily injury on Mr. Alsonso?  *The total commitment to state prison would be seven years*."  (Italics added.)

The judgment is affirmed.

_____
Sepulveda, J.*

We concur:

_____
Margulies, Acting P.J.

_____
Dondero, J.

* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

---

The court subsequently advised defendant, "*In addition to the seven years in prison*, you'd be liable for a penal fine of up to $10,000." (Italics added.)

3